UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES GOULD, JR., <br><br> Plaintiff, <br><br> v. <br><br> MARK BERTONCINI, <br><br> Defendant. | CAUSE NO. 2:21-CV-114-PPS-JPK |

OPINION AND ORDER

Charles Gould, Jr., a prisoner proceeding without a lawyer, filed a complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against an employee of the U.S. Marshals Service. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, I must screen the complaint to determine whether it states a claim for relief. I must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Mr. Gould alleges that he is in custody on pending federal charges at the Lake County Jail.[1] In May 2019, he injured his shoulder during recreation period at the jail, causing damage to his rotator cuff. He received some treatment for his shoulder from medical staff at the jail, including being given ibuprofen, but when the pain did not improve, he was referred to see an outside orthopedist. He underwent an x-ray, which

---

[1] I note that Mr. Gould's handwriting is very small and the print very light, making the complaint hard to read. I have made every effort to discern the relevant facts from his complaint and to give it liberal construction.

was normal, and then an MRI, which revealed shoulder inflammation, arthritis, and the damaged rotator cuff. The orthopedist gave him a shot in his shoulder, which helped alleviate the pain only for a very short time. At a subsequent visit in January 2020, the orthopedist determined that Mr. Gould should undergo an EKG, after which the doctor would make a decision about whether to perform surgery. The request for an EKG was submitted to Mark Bertoncini, an employee of the U.S. Marshals Service who Mr. Gould claims is responsible for authorizing medical treatment for federal detainees. Mr. Bertoncini has denied the request, however, and Mr. Gould claims that he is at a stalemate: the orthopedist will not proceed with surgery, and medical staff at the jail are unable to provide him treatment that alleviates his pain. He claims that his shoulder causes him significant pain on an ongoing basis, making it difficult for him to sleep, shower, and engage in other daily activities. Medical staff at the jail are continuing to give him ibuprofen, but it helps the pain only marginally, and he is also concerned about the long-term effects of taking this over-the-counter medication. Based on these events, he sues Mr. Bertoncini for money damages and injunctive relief.

Because Mr. Gould was a pretrial detainee when these events occurred, his claim must be analyzed under the Fourteenth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015). To state a claim under the Fourteenth Amendment, he must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of his actions. *Miranda v. Cty. of Lake*, 900 F.3d 335, 354 (7th Cir. 2018). He must also allege that the medical care he received, or the denial of that medical care, was "objectively unreasonable." *Id*. at 351 (emphasis omitted).

Giving Mr. Gould the inferences to which he is entitled at this stage, he has alleged a plausible claim against Mr. Bertoncini. He claims that he suffered a serious shoulder injury that was diagnosed by an outside specialist, and which causes him pain on a daily basis. He claims that he needs further diagnostic testing before the specialist can determine whether surgery is appropriate, but Mr. Bertoncini will not authorize that testing. The complaint can be read to allege that this decision was not made for any legitimate medical reason, but rather, because Mr. Bertoncini does not want to authorize another expensive test. He will be permitted to proceed on a claim against Mr. Bertoncini for monetary damages and injunctive relief related to his need for constitutionally adequate medical care for his shoulder.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Mark Bertoncini in his personal capacity for money damages and in his official capacity for injunctive relief related to Mr. Gould's need for constitutionally adequate medical care to address his shoulder injury;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Mark Bertoncini at the U.S. Marshals Service and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the United States Marshal Service to provide the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(5) ORDERS Mark Bertoncini to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 3, 2021.

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT